PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE FREEMAN, | ) | |
| | ) | CASE NO.  1:19CV2907 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN DAVID GRAY, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Respondent. | ) | [Resolving ECF Nos. 1, 5, 6, 9, 10, 11, 12, |
| | ) | 14] |

Pending before the Court is Petitioner Maurice Freeman's request for a Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.[1]  In opposition, Respondent filed a Return of

Writ (ECF No. 20) and Petitioner filed a Traverse (ECF No. 24).  Having reviewed the parties'

filings, exhibits, and the applicable law, the Court denies Petitioner's request.[2]

---

[1]  The Sixth Circuit filed a corrected second successive petition (ECF No. 4-1) that
the Court will resolve.

[2]  Also pending before the Court are Petitioner's discovery or pleading-related motions:
(1) Motion to amend and/or supplement petition (ECF No. 5); (2) Motion to Supplement Motion
to Amend and/or Supplement Petition pursuant to Civ. R. 15(A) to add requested relief (ECF No.
6); (3) Motion for court to take judicial notice of order from the Sixth Circuit in case number 20-
3106 (ECF No. 9); (4) Request for production of documents pursuant to rule 34 Fed. Civ. P.
(ECF No. 10); (5) Request for interrogatories pursuant to Rule 33 Fed. Civ. P. and production of
documents pursuant to Rule 34 Fed. Civ. P. (ECF No. 11); (6)  Request for admissions (ECF No.
12); and (7) Motion for court to take judicial notice (ECF No. 14).  For reasons given below, all
pending discovery or pleading-related motions are denied.

(1:19CV2907)

# I.  Background

## A.  State Court Conviction

The Court of Appeals of Ohio, Eighth District (the "state appellate court") provided the

following statement of the facts regarding Petitioner's conviction in the Cuyahoga County Court

of Common Pleas (the "state trial court")[3]:

> Freeman's conviction results from a series of events that occurred in the early
> morning hours of July 25, 2001. At approximately 3:30 a.m., Freeman presented
> himself at the home of his seventeen-year old friend, Lekeia Staples. Staples lived
> with her grandmother in the upstairs unit of a house located near the corner of
> East 115th Street and Superior Avenue in Cleveland, Ohio.
>
> At that hour of the morning, Lekeia's grandmother still was entertaining a number
> of friends; therefore, Freeman's request to use Lekeia's telephone created no
> difficulties. Lekeia retrieved the cordless telephone while Freeman waited on the
> downstairs porch. She then stood by as Freeman made his call.
>
> A few moments later, Lekeia saw an automobile traveling on East 115th Street.
> Just as the vehicle turned onto Beulah Avenue, Freeman called out loudly the
> name "Thurl." Lekeia knew the name; Thurlon Hill had been a friend of hers and
> Freeman's for over ten years. At the sound of Freeman's voice, the automobile
> halted its progress and reversed its direction. Freeman handed Lekeia the
> telephone and walked over to the automobile. The passenger door opened, thus
> permitting Freeman access to the rear passenger seat. Once Freeman was inside,
> the vehicle continued on its way. Lekeia returned to the second-floor unit.
>
> The vehicle belonged to the victim, Alphonso Amos. With him, seated in the front
> passenger seat, was Thurlon Hill. Freeman was inside the vehicle only a short
> time before Hill heard a shot fired. At Freeman's trial, Hill testified he turned
> toward the sound to see Freeman "pulling the gun back." Amos was frantically
> "grabbing" at Freeman's hands in an attempt to snatch the weapon away. With the
> driver's attention thus diverted, Amos' vehicle struck a utility pole and stopped.
>
> Amos at that time abandoned both his attempt to disarm Freeman and his
> automobile. He exited the vehicle and proceeded to run down East 115th Street.

---

[3]  The state court's factual determinations are "presumed to be correct" unless
Petitioner rebuts them by clear and convincing evidence.  *Gibbs v. Huss*, 12 F.4th 544, 546
(6th Cir. 2021) (quoting 28 U.S.C. § 2254(e)(1)).  Petitioner has not appropriately rebutted
the established presumption.

(1:19CV2907)

He was bleeding onto the pavement as he ran. Amos traveled only a short distance before collapsing onto the sidewalk.

The sound of the weapon's discharge drew the attention of people in the vicinity. John Bland, who had been in the process of leaving Lekeia's grandmother's residence, had reached the driveway when he saw Amos' vehicle strike the utility pole. Bland continued to watch; he saw the driver leap out, run a short distance, and then fall. After Amos dropped to the sidewalk, Bland saw the vehicle travel in reverse away from the pole, hesitate briefly, and slowly proceed on the street toward him. When the vehicle was next to the victim where he lay, Bland heard another gunshot. The vehicle then was driven away.

The gunfire had prompted one of the neighbors to telephone emergency services; therefore, members of the Cleveland Police Department arrived within minutes. One of the officers, John Douglas, saw that the victim was bleeding from at least two wounds.

Amos initially could not answer Douglas' partner as she attempted to pose questions because he was "screaming" and writhing in pain. However, as additional officers arrived, Amos seemed to understand they needed information. Thus, when Kevin Freese asked Amos if "he knew who shot him," Amos eventually managed to respond, stating, "Maurice Freeman." Douglas also heard Amos' response.

Although Amos was transported to the hospital, efforts to save his life proved fruitless. The subsequent autopsy of his body showed he had received two gunshot wounds. The fatal one had entered Amos' left chest and traveled in a downward direction, passing through his rib cage, lungs, diaphragm, liver, renal artery, and colon until it exited at the right side of the abdomen. The stippling effect on the chest indicated this shot had been fired at close range.

The second wound was to Amos' right shoulder. That bullet had remained in the body and was recovered from the upper arm. The absence of any trace evidence near the wound on Amos' shoulder indicated the weapon had been fired at him from some distance away to make the second wound. Additionally, forensic analysis of Amos' hands showed they lacked trace evidence of having been in contact with any metal object, such as a gun, prior to his death.

Amos' statement naming his assailant, together with other witness statements, led to Freeman's eventual arrest and indictment. The indictment, as amended just prior to Freeman's trial, charged him on three counts as follows: aggravated murder, R.C. 2903.01(A), with two firearm specifications (murder with prior calculation and design); aggravated robbery, R.C. 2911.01, with two firearm specifications; and having a weapon while under disability, R.C. 2923.13.

3

(1:19CV2907)

> Freeman elected to have the final count tried to the bench; therefore, his case proceeded to a jury trial on the first two counts. The state presented the testimony of the forensic analysts, Lekeia Staples, Thurlon Hill, John Bland, and several of the police officers who had responded to the scene the night of the shooting.
>
> The jury ultimately found Freeman guilty of aggravated murder with firearm specifications and not guilty of aggravated robbery. After the trial court found Freeman guilty of the remaining count, it sentenced Freeman to concurrent terms of incarceration of three years on the firearm specifications, twenty years to life on the aggravated murder charge, and one year on the weapon charge.

ECF No. 20-2 at PageID #: 258 – 262, 689.

## B. Post-Conviction Procedural History

In January 2001, Petitioner appealed to the state appellate court challenging the sufficiency of the evidence leading to his conviction. *Id*. at PageID #: 235 – 244. In September 2002, the state appellate court affirmed the judgment of the state trial court. *Id*. at PageID #: 255 – 266. Nearly seven years later, Petitioner sought to reopen the appeal, raising an ineffective assistance of counsel claim, which the state appellate court denied as untimely in June 2009. *Id*. at PageID #: 268. After Petitioner appealed to the Ohio Supreme Court, it was dismissed in July 2009 for failure to raise "any substantial constitutional question." *Id*. at PageID #: 300. The next year, in June 2010, Petitioner filed a petition before the Court for a writ of habeas corpus under 28 U.S.C. § 2254, which was dismissed as time-barred in August 2010, pursuant to Rule 4 of the Rules Governing 2254 Cases.[4] *Id*. at PageID #: 306 – 325.

Beginning in June 2011, Petitioner filed several motions seeking relief from the sentence imposed by the state trial court. First, Petitioner moved for relief from "[a] void judgment" which the state trial court and state appellate court summarily dismissed. *Id*. at PageID #: 329 – 340, 377, 388 – 391. Next, Petitioner filed two motions to vacate the "void judgment" and

---

[4] *See* Case No. 1:10CV1413 *Freeman v. Kelley* (Nugent, J.).

4

(1:19CV2907)

appeal.  With respect to the first motion, filed in March 2012, the trial court denied it and issued a *nunc pro tunc* judgment imposing (i) five years post-release control for the aggravated murder count, and (ii) three possible years of post-release control on the weapons under disability charge.  Id. at PageID #: 393 – 402, 416 – 418.  Regarding the second motion, filed in November 2012, the state trial court again denied it, which was affirmed in part, and denied in part, by the state appellate court.  Id. at PageID #: 470 – 479, 489, 545 – 551.  The state appellate court remanded the matter for a hearing to impose post-release control for the possession of a weapon while under disability conviction and eliminated the post-release control for the aggravated murder conviction.  Id. at PageID #: 551.  Ultimately, the trial court imposed a discretionary three-year term of post-release control as to the possession of a weapon while under disability charge.  Id. at PageID #: 606.  Petitioner attempted to appeal the decision but was unsuccessful. Id. at PageID #: 671 – 672.

After unsuccessfully moving for reconsideration of the original appeal in December 2014 (Id. at PageID #: 678 – 683, 718), Petitioner moved the state trial court for a revision of judgment and withdrawal of the jury trial waiver.  Following the state trial court's denial of both motions in May 2016 (Id. at PageID #: 768, 770, 772), Petitioner appealed to the state appellate court (Id. at PageID #: 774 – 775).  While the appeal was pending, Petitioner filed a number of motions with the state trial court, requesting (i) an order directing the clerk of courts to produce certified copies of the verdict forms from petitioner's trial, (ii) a statement that the record failed to reflect a bench trial on the weapon under disability charge or a jury verdict finding Petitioner guilty on that charge, and (iii) an evidentiary hearing.  Id. at PageID #: 858 – 859, 876 – 880. The state trial court denied the motions in August 2016 (Id. at PageID #: 874, 886)  and the state

5

(1:19CV2907)

appellate court affirmed the denial and also denied Petitioner's later application for reconsideration in April and May 2017, respectively (*Id*. at PageID #: 849, 915, 917).

In June 2017 Petitioner filed multiple motions to correct the record, first seeking "to correct sentence/allied offenses for purpose of merger" and later to "correct clerical error" and the sentence. *Id*. at PageID #: 924 – 929, 940 – 944. The state trial court denied each motion in July 2017, and September 2017, respectively. *Id*. at PageID #: 938, 950. Petitioner appealed to the state appellate court seeking reversal of the state trial court's decision on the two motions for reconsideration, and in July 2018, the state appellate court affirmed the trial court and later denied Petitioner's motion for reconsideration. *Id*. at PageID #: 1037 – 1041, 1072. Also, Petitioner filed a delayed appeal to the Ohio Supreme Court, which was denied in October 2019. *Id*. at PageID #: 1055.

In February 2019, Petitioner filed a writ of prohibition, writ of mandamus, and writ of procedendo against the judges involved in his criminal case, asking the Ohio Supreme Court to vacate his conviction. In May 2019, the Ohio Supreme Court dismissed the pending writs and denied Petitioner's motion for reconsideration in July 2019. *Id*. at PageID #: 1119, 1130. Then, in February 2020, Petitioner sought post-conviction relief from the state trial court, which was denied by the state trial court, state appellate court, and the Ohio Supreme Court. *Id*. at PageID #: 1171, 1245 – 1252, 1281.

### C.  Instant Federal Habeas Petition

Now, Petitioner filed the instant habeas petition raising three grounds for relief[5]:

---

[5]  The Sixth Circuit determined that because the "prior § 2254 petition was denied prior to the nunc pro tunc entry that imposed post-release control and the subsequent judgments modifying the post-release control, the habeas petition that [Petitioner] now seeks to file is not second or successive[.]"  ECF No. 4 at PageID #: 35.  The Appeal Order

(1:19CV2907)

GROUND 1: The trial court violated and denied my 5th, 6th, 14th,  Amendment rights [sic] under the United States Constitution when it refused/denied me a jury trial, and still attempts to enforce sentence and punishment for count 3 the weapons while under disability offense.[6]

Supporting Facts: I entered a plea of not guilty to the having weapons while under disability offense. But, the court entered multiple incorrect judgment entries stating that a jury found guilt on this offense. When petitioner informed the court that there was no trial held on this offense and then requested jury trial in a motion on 4-11-2016, the court denied this request. This was not brought up in the first petition because the court had not denied my right to trial until well after the first petition had been filed. Also, petitioner did not have evidence of the claim until petitioner's then wife had obtained a partial transcript from the managing Clerk in the year of 2016. This claim did not arise until the year of *2016 [sic]. This claim did not arise until the year of 2016 when the court denied my right to proceed to trial. But, there was also newly discovered evidence in the form a a partial [sic] transcript that was retrieved by then wife [sic], from the managing clerk, which shows that the court did not hold a trial on Count 3 the weapons while under disability offense, the court did not find petitioner guilty of count 3 [sic]. Also, the petitioner can show factual innocence as there was no finding of guilt. This evidence was previousl] [sic] unavailable because petitioner did not gain access to the partial transcript until it was pursued and obtained by his spouse. The evidence. [sic] in the partial transcript contradicts the sentencing judgment entry entered by the court that stated that a jury found the petitioner guilty of the weapons while under disability. The judgment entry attempted to be filed with the first petition was false and did not contain a

---

included a corrected second successive petition that the Court now considers.  ECF No. 4-1.

[6] Petitioner states that Ground One relies on newly discovered evidence because:

This claim did not arise until the year of 2016 when the court denied my right to proceed to trial. But, there was also newly discovered evidence in the form a a [sic] partial transcript that was retrieved by then wife, from the managing clerk, which shows that the court did not hold a trial on Count 3 the weapons while under disability offense, the court did not find petitioner guilty of count 3. Also, the petitioner can show factual innocence as there was no finding of guilt. This evidence was previousl] [sic] Unavailable [sic] because petitioner did not gain access to the partial transcript until.it [sic] was pursued and obtained by his spouse. The evidence. [sic] in the partial transcript contradicts the sentencing judgment entry entered by the court that stated that a jury found the petitioner guilty ofthe [sic] weapons while under disability. The judgment entry attempted to be filed with the first petition was false and did not contain a final dispossition [sic] for the above mentioned offense, Petitioner tried multiple times to obtain transcript.

(1:19CV2907)

final disposition for the above mentioned offense, Petitioner tried multiple times to obtain transcript.

GROUND 2: Trial court violated 5th, 6th, 14th Amendment rights [sic] under the U.S. Constitution when it denied motion to withdraw [sic] jury waiver pursuant to R.C. 2945.05, which permits withdrawal at anytime before trial, and allows a defendant to proceed to trial, which is a state and federal rights [sic].[7]

Supporting Facts: First no count 4 existed, or remained, after the court had deleted and renumbered counts. there [sic] was only three counts that remained active. Second, there was no waiver signed or submitted on count 3 weapons while under disability. Third, when petitioner/defendant requested to proceed to trial in year *2016 [sic], the court denied the request and implicated federal rights and. [sic] violated the united states constitution by denying right to trial. The attempted judgment and sentence is unlawful.

GROUND 3: Trial court violated right to Due process under the 5th, 14th Amendment of the U.S. Constitutionwhen [sic] it refused to correct an illegal sentence upon petitioner's request. and judgment entry.[8]

---

[7] Petitioner states that Ground Two relies on newly discovered evidence because:

This claim is related to the same reason provided in claim one, in that the petitioner was not absolute that a trial had not occurred until his then wife had contacted the managing clerk who stated that there was no trial transcript for the weapons while under disability, and in the partial Count 3 the weapons while under disability offense, the court did not find petitioner guilty of count 3. Also, the petitioner can show factual innocence as there was no finding of guilt. This evidence was previousl] [sic] Unavailable [sic] because petitioner did not gain access to the partial transcript until.it [sic] was pursued and obtained by his spouse. The evidence. [sic] in the partial transcript contradicts the sentencing judgment entry entered by the court that stated that a jury found the petitioner guilty of the weapons while under disability. The judgment entry attempted to be filed with the first petition was false and did not contain a final dispossition [sic] for the above mentioned offense. Petitioner tried multiple times to obtain transcript.

[8] Petitioner states that Ground Three relies on newly discovered evidence because:

This evidence was not previously available for the same reasons presented in claims 1 and 2, because the partial transcript only be came [sic] available when it was obtained by petitioner's then wife, only then did petitioner learn that the court imposed a sentence that was contrary to law.

(1:19CV2907)

> Supporting Facts: The trial court imposed a sentence that runs the firearm specification as additional and concurrently with the having weapons while under disability offense when the sentencing statute R.C. 2929.14(C) specifically directs court to impose a sentence that runs prior and consecutive to anyother [sic] offense.

ECF No. 4-1 at Page ID #: 40 – 46.

## II. Discussion

"This habeas petition is governed by 28 U.S.C. § 2254(d) (AEDPA)." *Chinn v. Warden, Chillicothe Corr. Inst.*, 24 F.4th 1096, 1101 (6th Cir. 2022). AEDPA "instructs that federal courts shall not grant a habeas petition filed by a state prisoner with respect to any claim adjudicated on the merits by a state court, absent applicability of either of two specific exceptions." *Id.* The first exception is triggered when a state court issues "'a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court[.]'" *Id.* (quoting 28 U.S.C. § 2254(d)(1)). The second exception is triggered when a state court decision "'was based on an unreasonable determination of the facts' in light of the record before it.'" *Id.*

"AEDPA's requirements reflect a 'presumption that state courts know and follow the law[,]'" *Woods v. Donald*, 575 U.S. 312, 316 (2015) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002), and its "highly deferential standard for evaluating state-court rulings ... demands that state-court decisions be given the benefit of the doubt," *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting *Woodford*, 537 U.S. at 24). *Id.* "The Supreme Court has repeatedly held it is not enough to show the state court was wrong." *Id. See, e.g.*, *Renico v. Lett*, 559 U.S. 766, 773 (2010) ("[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." (citation omitted)); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's

(1:19CV2907)

determination was incorrect but whether that determination was unreasonable—a substantially

higher threshold"). "Rather, AEDPA forecloses relief unless the petitioner can show the state

court was *so* wrong that the error was" beyond mere fair-minded disagreement. *Id*.

Accordingly, when a state court decision is reviewed under § 2254(d), the reviewing court must

ask whether it is "beyond the realm of possibility that a fairminded jurist could" agree with the

state court. *Id*. (quoting *Woods v. Etherton*, 578 U.S. 113, 118 (2016).

### A. Grounds One and Two

The Court begins by analyzing Grounds One and Two of the instant habeas petition.

Petitioner asserts that violations of his 5th, 6th, and 14th Amendment rights occurred when the

state trial court judge (i) failed to provide Petitioner with a trial on the weapons while under

disability charge, and (ii) denied Petitioner's motion to withdraw jury trial waiver. ECF No. 4-1

at PageID #: 40 – 43. Respondent argues that no relief is warranted because "[t]he record

demonstrates that [Petitioner] was tried to the bench by the same judge presiding over his

aggravated murder jury trial, that she considered the drug possession indictment along with the

evidence admitted at the jury trial and found him guilty of [possessing a weapon while under

disability] and sentenced him." ECF No. 20 at PageID #: 183.

The Court denies Petitioner relief on Grounds One and Two. As Respondent points out,

Petitioner's weapons under disability charge was adjudicated by the state trial court judge, who

adjudged Petitioner guilty. Similarly, the denial of Petitioner's request to withdraw the jury trial

waiver as to the weapons while under disability charge was a permissible decision. The state

appellate court, in analyzing Petitioner's post-conviction claim attacking the jury waiver and

adjudication of the possessing a weapon while under disability charge, stated:

> As to his current claims regarding the charge of having a weapon while under
> disability, this issue has been previously litigated. It is meritless. On November 26,

10

(1:19CV2907)

> 2001, Freeman executed a jury waiver as to the weapons charge only. On that same date, the state of Ohio recommended that Count 2 be nolled and the trial court renumbered the indicted charges. He was found to be guilty by the trial court of the weapons charge in renumbered Count 3 and was sentenced accordingly.

ECF No. 20-2 at PageID #: 1251.  Neither ground constitutes a decision that was contrary to, or involved, an unreasonable application of clearly established federal law, as is required for habeas relief.  Outside of citing constitutional amendments, Petitioner does not provide sufficient support for Grounds One or Two.  Indeed, Petitioner's argument and facts offered in support amount to nothing more than a disagreement with the decision of the state trial court judge, which is insufficient for habeas relief.  *See Wilson v. Kelly*, No. 13-CV-1625, 2017 WL 931733, at *3 (N.D. Ohio Mar. 9, 2017) (denying petitioner's ground for habeas relief because "disagreement is not cognizable on federal habeas review, inasmuch as it involves no constitutional dimension").  The Court, according all due deference to state court proceedings, denies Petitioner relief on Grounds One and Two.

### C.  Ground Three

Regarding Ground Three, Petitioner challenges the legality of his sentence because the state trial court imposed an additional and concurrent sentence for the firearm specification but the applicable law, O.R.C. 2929.14(C) mandates that a sentence for the firearm specification be served prior and consecutive to any sentence.  ECF No. 4-1 at PageID #: 44 – 46.  As with Grounds One and Two, Petitioner previously raised this argument in state court.  In ruling that the argument was barred, moot, and meritless, the state appellate court stated:

> Even if Freeman's challenges to his sentence were not barred, they are nevertheless moot. Review of the record shows that at sentencing, and as directed by R.C. 2941.145, the trial court ordered Freeman to serve his three year term for the firearm specification "prior to and consecutive to" his aggravated murder sentence. As such, Freeman completely served his sentence for the firearm specification well over a decade ago. Freeman's challenges to his

11

(1:19CV2907)

> sentence for the specification became moot after he completed the term. See State
> v. Bostic, 8th Dist. Cuyahoga No. 84842, 2005-Ohio-2184, ¶ 21 ("Any appeal of
> a sentence already served is moot.").
>
> Regardless of being barred as res judicata and moot, Freeman's claims are also
> meritless. Freeman incorrectly asserts that the court failed to order the sentence
> for his specification be served prior to and consecutive to the underlying offense.
> As stated above, this is exactly what the court ordered.
>
> Freeman erroneously argues that R.C. 2929.14 required the court to impose
> consecutive sentences for both specifications. To the contrary, because both
> specifications were attached to the same underlying count, by imposing a sentence
> for the three-year specification, the. court was statutorily precluded from
> imposing a sentence for the one-year specification. See R.C. 2941.141(B); see
> State v. Marshall, 8th Dist. Cuyahoga No. 73522, 1999 Ohio App. LEXIS 617,
> 10 (Feb. 25, 1999) ("Either the one-year sentence pursuant to R.C. 2941.141 or
> the three-year term under R.C. 2941.145 may be imposed for the same count.").

ECF No. 20-2 at PageID #: 1040 – 1041. Also, "a challenge to a state court's interpretation and

application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action." *Rettig*

*v. Jefferys*, 557 F. Supp. 2d 830, 838 (N.D. Ohio 2008) (citing *Howard v. White*, 76 Fed.Appx.

52, 53 (6th Cir. 2003)). Rather, as stated above, Petitioner must demonstrate that the state court

decision was contrary to, or involved and unreasonable application of, clearly established law.

*Id*. Petitioner fails to do so. As the state appellate court writes, Petitioner actually received the

relief sought – the sentence for the firearm specification was served prior and consecutive to the

sentence for the underlying offense. Again, according all due deference to the state court

decision, the Court overrules Petitioner's Ground Three.

### D. Proposed Grounds

In addition to the three grounds asserted above, Petitioner sought to add a total of eight

additional grounds for relief by amending his petition. ECF Nos. 5, 6. None of the eight

additional grounds warrant habeas relief because they do not relate back to the original petition

or have already been adjudicated by the state court and are not cognizable habeas claims.

12

(1:19CV2907)

### 1. Proposed Grounds One, Six, Seven, and Eight – Ineffective Assistance of Appellate and Resentencing Counsel

Petitioner seeks to add the following four grounds for relief, each of which relate to the performance of appellate and resentencing counsel:

**Proposed Ground One:** In year 2014* [sic] during appeal for re-sentencing hearing, Appellate counsel Russell Bensing was ineffective and his performance was deficient as he caused the petitioner to suffer prejudice and cause violations of the petitioner's 5th , 6th , 14th , amendment rights to appointed counsel and the effective assistance of counsel.

**Supporting Facts:** In year 2014* [sic] while serving as appellate counsel during appeal in 8th appellate district case no. 100521 for a re-sentencing hearing, Appellate counsel Russell Bensing was ineffective and his performance was deficient when he sent petitioner a letter stating false, inaccurate, and harmful legal advice when he stated that the only issue available to petitioner was issues as to post-release control and nothing to do with his sentence or conviction had changed. In his quoted letter (see Exhibit A) he failed to notify petitioner of any further appellate rights, options and timelines of any further steps, he also failed to notify the Petitioner Freeman of the 45-day time limit to appeal to the supreme court, most importantly that he had the option of a timely 28 U.S.C. 2254 application under the new judgment rule, which if needed petitioner could have raised all of the enclosed issues, and the insufficient evidence claim raised in direct appeal case no. 80720.

Appellate counsel Bensing not only failed to investigate a previous record of the direct appeal in this case, case no 80720 (8 th Appellate District), but he also failed to inform petitioner that he could now seek a timely review in the federal courts after state exhaustion, ofthe [sic] issue of insufficient evidence that was pursued in the previous direct appeal, if need be.

Appellate counsel failed to challenge the sentence for the weapons while under disability offense when the record and transcript shows that there was no trial for count 3, and petitioner or defense counsel did not participate in any trial for the weapons while under disability offense.

Appellate counsel failed to challenge the sentencing proceedings in which the court made a finding of guilt for s non-existent count for. (see Exhibit C, tr. 788-789).

Petitioner suffered prejudice because he could have raised these mentioned above issues in a timely 28 U.S.C. 2254 application under the new judgment rule. Petitioner suffered multiple violations of substantive constitutional rights because of Appellate counsel's Bensing's ineffectiveness and his deficient performance and his inaccurate information that he had given the petitioner Freeman in his letter to petitioner. (see letter from attorney Bensing dated April 29, 2014).

13

(1:19CV2907)

**Requested Relief:** Find that counsel was deficient and ineffective, and that his behavior was egregious and allow petitioner to raise all grounds presented herein[.]

**Proposed Ground Six:** appellate counsel Russell S. Bensing was ineffective and his performance was deficient thereby violating the 6th ,14th amendment right to counsel, and due process, by failing to raise and or investigate the following issues[.]

**Supporting Facts:** Trial counsel failed to make sure that petitioner had appointed counsel during any trial proceeding for count 3 weapons while under disability.

Counsel allowed without objection the petitioner to receive sentence of confinement on count 3 without being provided appointed counsel during trial for count 3.

Trial counsel failed to ensure that petitioner received his right to trial on all charges specifically count 3 weapons while under disability.

Counsel allowed the judge to pronounce sentencing on a non-existing count 4 during the guilt and sentencing phase (see Exhibit C, tr. 788-789).

**Requested Relief:** Order that a trial be had on all offenses with appointed counsel[.]

**Proposed Ground Seven:** Appellant counsel Bensing and resentencing hearing counsel John B. Gibbons was ineffective when he failed to inform petitioner that he could take his insufficiency of evidence claim that was previously raised on direct appeal to the supreme court of Ohio, and if need be petitioner was now eligible to file a 28 U.S.C. 2254 habeas petition under the new judgment rule. Appellate counsel was ineffective and deficient violating the petitioner's ,6th• 14th amendment right to counsel and Due process.

**Supporting Facts:** In the year 2002 during direct appeal the appellant raised that evidence was insufficient to prove prior calculation and design. Direct appeal counsel argued there was no plan shown in the record. The 8th appellate district affirmed on this issue, but later reversed for re-sentencing for the sentencing issue.

Appellate counsel Russell S. Bensing was appellate counsel for resentencing hearing, never notified the petitioner of any further right to review and or time lines for filing for review, in the supreme court or if needed a 2254 application under the new judgment rule in federal court. Petitioner could have sought relief, had appellate counsel Bensing, informed him he could seek a timely Supreme court review, but more importantly a federal review in a 2254 Application. Counsel was ineffective, performance was deficient and cost petitioner critical time and jeopardized any chance of petitioner pursuing his timely habeas for his violation of

14

(1:19CV2907)

substantive constitutional rights, that could have been raised under the new judgment rule in a timely 28 U.S.C. 2254 application. Attorney Bensing told petitioner in letter that the only issue available was post release control. (See letter Exhibit A).

**Requested Relief:** find that counsel was deficient and allow petitioner to have his habeas application heard as exception to any issues of timeliness or procedural defect.

**Proposed Ground Eight:** Resentencing counsel Tom Shaugnessy provided ineffective assistance of counsel and was deficient when he failed to consult with petitioner before hearing, after hearing, and notify petitioner Freeman on what the hearing was about, his rights during and after the hearing, and that he could proceed to the supreme court of Ohio, and under the new judgment rule file a timely 28 U.S.C. 2254 application. Petitioner was denied his 6th amendment right to effective assistance of counsel, 14th amendment right to due process, and equal protection under the law.

**Supporting Facts:** On 8/06/2014, the petitioner was forced or coursed [sic] into a re-sentencing hearing because the appeals court had previously reversed for another resentencing hearing in case no. 410-924. Petitioner did not want to attend the hearing without counsel, and/ or consultation with counsel as to the nature of the hearing and his rights during and after the hearing. Petitioner had never talked to resentencing counsel or consulted with him. Counsel never told petitioner about any appellate rights and most importantly that he had the option to file a timely 2254 petition under the new judgment rule. Petitioner was under the belief that the only issue available to him was post release control because this is what appellate counsel Russell S. Bensing informed him of in a letter. (see EXHIBIT A). Because Resentencing counsel Tom Shaugnessy was ineffective, deficient, and did not notify petitioner of any rights, petitioner was clueless and lost out on his opportunity to file a timely 2254 application and potentially get a review and relief. Petitioner freeman could have potentially raised the enclosed issues and put his insufficiency of evidence claim in the Federal court if counsel had informed petitioner of his rights. Petitioner was provided with deficient counsel, and constructively denied counsel, by counsel and judge. (see Exhibit G).

**Requested Relief:** find that petitioner was provided with deficient counsel constructively denied counsel during resentencing hearing, and that habeas application be an acception [sic] to any issues of timeliness.

ECF Nos. 5 at PageID #: 62 – 64, 67 – 69, 6 at PageID #: 94 – 96. Amendments to a habeas petition are governed by Fed. R. Civ. P. 15, which states in part "that leave to amend 'shall be freely given when justice so requires.'"

15

(1:19CV2907)

*4 (N.D. Ohio Sept. 17, 2004) (quoting Fed. R. Civ. P. 15(a)). "If granted, an amendment 'relates back' to the original petition for the purpose of the statute of limitations." *Id.* (quoting Fed. R. Civ. P. 15(c)). "Requested amendments are liberally granted even when the amendment seeks to add an entirely new cause of action, or a new legal theory, as long as it arises out of the same transaction or occurrence." *Id.* (citing *Sperberg v. Firestone Tire & Rubber Co.*, 61 F.R.D. 78, 79 (N.D. Ohio 1973)). "A habeas petitioner's new claim arises out of the same transaction or occurrence as his original petition where the transaction or occurrence at issue arises from his state criminal trial." *Id.* Conversely, a new claim does not relate back or rise out of the same transaction or occurrence if it "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Wiedbrauk v. Lavigne*, 174 F. App'x 993, 1002 (6th Cir. 2006) (quoting *Mayle v. Felix*, 545 U.S. 644, 650 (2005)).

In this case, the proposed new claims do not arise out of the same occurrence as the original petition because in the original petition, all three claims arise out of Petitioner's trial but the four aforementioned proposed new claims all relate to Petitioner's appeals. Trial proceedings and appellate proceedings are two different occurrences, therefore the four new grounds related to Petitioner's appeal do not relate back. *United States v. Clark*, 637 F. App'x 206, 209 (6th Cir. 2016) (ruling that amended petition did not relate back because "[t]he issue of whether the drug amounts were correctly determined at [defendant]'s sentencing is unrelated to the issue of whether his appellate counsel was ineffective"). As importantly, the original petition focused on decisions of the trial judge and did not allege ineffective assistance of trial or appellate counsel. This discourages a finding that Petitioner's proposed amended grounds relate back. *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 850 (6th Cir. 2017) (ruling that defendant's "amended petition …

(1:19CV2907)

does not relate back to the original petition" the "original petition does not raise any facts

supporting the underlying ineffective assistance of counsel claim").

Assuming, *arguendo*, that Petitioner's claims did relate back, the arguments raised for

ineffective assistance of counsel lack merit.  In order to establish that trial counsel was

ineffective, Defendant "needs to show both that his trial counsel acted 'outside the wide range of

professionally competent assistance' and that he was prejudiced." *Kelly v. Lazaroff*, 846 F.3d

819, 829 (6th Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984)).  "This is

an extremely deferential standard, as 'counsel is strongly presumed to have rendered adequate

assistance and made all significant decisions in the exercise of reasonable professional

judgment.'" *Id*.  (quoting *Strickland*, 466 U.S. at 690).  "In particular, 'strategic choices made

after thorough investigation of law and facts relevant to plausible options are virtually

unchallengeable.'" *Id*.  (quoting *Strickland*, 466 U.S. at 690).  "Moreover, this inquiry requires

eliminating 'the distorting effects of hindsight ... [in order] to evaluate the conduct from

counsel's perspective at the time.'" *Id.* at 829 – 830 (quoting *Strickland*, 466 U.S. at

689).  "Stated more succinctly, the goal is not to ensure that a criminal defendant be afforded

perfect counsel, but rather 'to ensure that the adversarial testing process works to produce a just

result under the standards governing decision.'" *Id.* at 830 (quoting *Strickland*, 466 U.S. at 687).

Applying the above standard to Petitioner's four newly proposed grounds, no relief is

warranted.  Each of Petitioner's grounds fail to establish deficient performance and/or prejudice.

Instead, each of the proposed grounds are tantamount to a disagreement with appellate counsel's

strategy, discontent with the result of the appeal, or a wish that appellate counsel offered an

alternative argument.  None of these complaints are sufficient to establish ineffective assistance

of counsel.  *Norman v. Bradshaw*, No. 1:05CV1796, 2006 WL 3253121, at *10 (N.D. Ohio Nov.

(1:19CV2907)

8, 2006) (citing *Strickland v. Washington*, 466 U.S. 668, at 689 (1984)) (stating that "[d]isagreements by a defendant with tactics and/or strategies will not support a claim of ineffective assistance of counsel").  Proposed Grounds One, Six, Seven, and Eight each state that appellate and resentencing counsel were ineffective for failure to make additional arguments on appeal.  Specifically, in Proposed Grounds Seven and Eight, Petitioner claims that counsel failed to advise Petitioner of his ability to file additional 28 U.S.C. § 2254 petitions, causing him to suffer prejudice.  "Counsel's failure to raise an issue on appeal is ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal."  *Bradley v. Birkett*, 192 F. App'x 468, 473 (6th Cir. 2006) (quoting *Howard v. Bouchard*, 405 F.3d 459, 485 (6th Cir. 2005)).  Petitioner cannot sustain a claim of ineffective assistance of counsel because the Court is not convinced, nor has Petitioner offered any support that, the result of his appeals or re-sentencing hearings would be different if counsel had raised the arguments or provided the advice Petitioner sought.  Also, the Court is not persuaded that Petitioner was prejudiced in any way because, as evidenced by his extensive litigation history and experience with the courts, Petitioner is no stranger to filing habeas petitions and it is not likely Petitioner required the advice of counsel to file another petition.

In summary, because Petitioner does not demonstrate that the alleged deficiencies in appellate and resentencing counsel's performance would have changed the results, and instead, Petitioner's claims amount to little more than a disagreement with counsels' strategies, the four proposed ineffective assistance of counsel claims fail on the merits.

### 2.  Proposed Grounds Two, Three, Four, and Five – Trial Court Errors

In the remaining four proposed new grounds, Petitioner states:

18

(1:19CV2907)

**Proposed Ground Two:** The judge violated my 6th amendment right to counsel when she failed to allow petitioner freeman any defense counsel at all during trial proceedings for any proceedings on count 3, the weapons while under disability offense.

**Supporting Facts:** In the year of 2019 In A writ proceeding in the Supreme Court of Ohio the judge stated that she had found evidence of guilt on count 3 weapons while under disability while trying the other offenses. (see Exhibit B, judge's respondent's motion).

Since the judge did not make any mention of count 3 during the guilt/sentencing phase, and any trial for count 3 was not included in the record the petitioner freeman filed a post-conviction petition in the trial court raising the issue that he was denied his 6th amendment right to appointed counsel during trial because the defense counsel was not allowed to participate in any trial proceedings for count 3
weapons while under disability that the judge spoke of in her respondent's motion.

On Page 788-789 of the transcript (Exhibit C) when the prosecutor mentioned to the judge "your honor we still have the issue of the weapons while under disability" the judge stated "yes count 4 weapons under disability, that count 4 was tried to me I find guilt of that offense and the defendant will be sentenced on that offense as well".

For the record there was no count 4 remaining because after the court deleted count 2 the court renumbered all other counts from 1-3 (see the judgement entry attached herein showing the renumbering of counts). Yet, still, there is no tSial [sic] for the non -existent count 4 either.

**Requested Relief:** [A]llow petitioner a trial with appointed counsel.

**Proposed Ground Three:** The judge violated 6th amendment right to counsel when she sentenced the petitioner to prison confinement when he was not afforded appointed counsel for trial for count 3 weapons while under disability.

**Supporting Facts:** The judge did not allow petitioner or appointed counsel to be present during any trial proceeding for count 3 weapons while under disability offense, but still imposed a sentence of confinement for the offense.

**Requested Relief:** [V]acate sentence of confinement and order that trial be had with appointed counsel.

**Proposed Ground Four:** Where the judge failed to make a finding of guilt during the guilt phase the judge violated 6th amendment right to trial and did not have authority to impose punishment on count 3.

**Supporting Facts:** During the guilt/phase and sentencing hearing the judge failed to make any finding on count 3 weapons while under disability (see tr. 788-789, Exhibit C).

(1:19CV2907)

Instead the judge only mentioned a non-existent count 4, but after the re-numbering of counts there was no longer any count 4 remaining.

**Requested Relief:** [O]rder that a trial be had on count 3 having weapons while under disability.

**Proposed Ground Five:** the judge had no authority to find guilt or impose sentence on a non-existent count 4 during the guilt/sentencing proceedings the judge violated petitioner's 6th amendment right to trial and 14th amendment to due process, and violated equal protection clause, by imposing an illegal sentence.

**Supporting Facts:** During the guilt/phase, sentencing phase, the judge mentioned that she found guilty on count 4 and would impose sentence on this count 4 but the fact is this was a non-existent count 4. (see Exhibit C, tr. 788-789).

**Requested Relief:** [V]acate sentencing and guilt phase, remand for further proceeding.

ECF Nos. 5 at PageID #: 64 – 66, 6 at PageID #: 94 – 95.

At the outset, the four grounds above have been adjudicated by the state appellate court. "Ohio courts regularly apply the doctrine of *res judicata*, which has been found to be an adequate and independent state-law ground to foreclose habeas relief in federal court." *Lusane v. Bracy*, No. 5:18-CV-0632, 2020 WL 8458807, at *18 (N.D. Ohio Feb. 27, 2020), report and recommendation adopted, No. 5:18-CV-00632, 2021 WL 164220 (N.D. Ohio Jan. 19, 2021). *See, e.g.*, *Landrum v. Mitchell, 625 F.3d 905, 934 (6th Cir. 2010)* ("The Ohio Court of Appeals' reliance on res judicata was an adequate and independent state ground to foreclose habeas relief in federal court"). Specifically, the state appellate court stated:

> {¶ 10} Freeman's current appeal cites six assignments of error:
>
> [1] The trial court abused it's [sic] discretion, erred, and activated Sixth Amendment jurisdictional bar to any valid sentence or conviction when it did not provide defendant with the assistance of counsel during all trial proceedings.[9]

---

[9] This ground mirrors Proposed Grounds Two and Three.

(1:19CV2907)

[2] The trial court abused it's [sic] discretion, erred, when it denied defendant his Sixth Amendment right to present closing argument with the assistance of counsel for Count 3 the weapons while under disability offense.

[3] The trial court abused discretion, erred, when it denied defendant his right to jury trial, absent any jury trial waiver for Count 3 weapons while under disability, and still imposed sentence of confinement.[10]

[4] The trial court abused it's [sic] discretion, erred when it entered judgment entry of conviction and sentence on Count 3 weapons while under disability, but the court failed to make a finding of guilt during · the guilt phase and failed to impose a sentence during sentencing phase.

[5] The trial court abused it's [sic] discretion, erred, when it made a finding of guilty and imposed a sentence on a non-existent Count 4 during the sentencing hearing.[11]

[6] Trial counsel was ineffective, deficient, and failed to subject the state's entire case to the adversarial testing process, thereby denying the protections of the sixth amendment.

As set forth above, this appeal relates to convictions entered in 2001. Since that time, five appeals have been fully addressed by this court based upon those convictions.

{¶ 11} We begin by stating that Freeman's petition for postconviction relief was untimely filed to wit: on February 19, 2020. Pursuant to R.C. 2953.21(D), a trial court shall consider a petition that is timely filed under R.C. 2953.21(A)(2). R.C. 2953.21(A)(2), provides that generally, such a petition shall be filed no later than 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication. The record in this case was filed with this court on February 19, 2002. As Freeman's petition was filed on February 19, 2020, a total of 5425 days passed since the filing of the record for the direct appeal. Ergo, it is untimely.

{¶ 12} Where a petition for postconviction relief is untimely pursuant to R.C. 2953.21(A)(2), absent demonstrated compliance with both conditions set forth in R.C. 2953.23(A)(1) the trial court does not have jurisdiction to consider the petition. *State v. Porter,* 8th Dist. Cuyahoga No. 106032, 2018-Ohio-1200, ¶ 8-10. R.C.

---

[10]  This ground mirrors Proposed Ground Four.

[11]  This ground mirrors Proposed Ground Five.

21

(1:19CV2907)

2953.23(A)(1) requires a petitioner to demonstrate that the following conditions apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

R.C. 2953.23(A)(1).

**{¶ 13}** Here, Freeman does not demonstrate that he was unavoidably prevented from discovering the facts upon which he relies, citing information contained in the record of the proceedings. He does not identify a new federal or state right upon which to base his claim and he does not show by clear and convincing evidence that but for a constitutional error no reasonable factfinder would have found him guilty. Accordingly, the court did not have jurisdiction to consider Freeman's petition. *See Porter* at 18-10.

**{¶ 14}** Further, Freeman's claims as set forth in his petition are barred by the doctrine of res judicata. Under the doctrine of res judicata,

> "[A] final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."

*State v. Straley,* 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623,135, quoting *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. The Ohio Supreme Court has also held that the doctrine of res judicata bars a defendant from asserting in a motion for postconviction relief any issue that could have been raised on direct appeal. *State v. Reynolds,* 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997), citing *State v. Duling,* 21 Ohio St.2d 13, 254 N.E.2d 670 (1970).

(1:19CV2907)

{¶ 15} Finally, the claims in Freeman's petition for postconviction relief are, once again, without merit.

{¶ 16} Freeman was arraigned on these charges on August 9, 2001, at which time he was appointed counsel who continued to represent him throughout the pretrial and trial process and through conviction. Postconviction, counsel was appointed to represent him on his direct appeal and in one of his subsequent appeals he was represented by counsel.

{¶ 17} As to his current claims regarding the charge of having a weapon while under disability, this issue has been previously litigated. It is meritless. On November 26, 2001, Freeman executed a jury waiver as to the weapons charge only. On that same date, the state of Ohio recommended that Count 2 be nolled and the trial court renumbered the indicted charges. He was found to be guilty by the trial court of the weapons charge in renumbered Count 3 and was sentenced accordingly.

{¶ 18} We overrule the assignments of error.

{¶ 19} Judgment affirmed.

ECF No. 20-2 at PageID #: 1248 – 1251.  Because Petitioner has raised the proposed grounds in state court, and the state court overruled them, Petitioner is not entitled to habeas relief.  Even if the state court had not overruled them, Petitioner's proposed grounds, as the state appellate court states, lacks merit.

Beginning with Proposed Grounds Two and Three, in which Petitioner argues that he was not afforded counsel, there is no validity to the argument because Petitioner *did* indeed have counsel at trial.  Transitioning next to Proposed Grounds Four and Five, in which Petitioner challenges the legality of the sentence imposed at trial, there is once again no merit to Petitioner's position because the state trial court had authority to impose sentence pursuant to applicable state law, and that is exactly what the state trial court did.  Petitioner's Proposed Ground Two, Three, Four, and Five are all denied for lack of merit.

Because all eight of Petitioner's Proposed Grounds are dismissed on procedural grounds and denied for lack of merit, the Motion to amend and/or supplement petition (ECF No. 5), and

23

(1:19CV2907)

Motion to Supplement Motion to Amend and/or Supplement Petition pursuant to Civ. R. 15(A) (ECF No. 6) are denied.

### III.  Pending Discovery Motions

Petitioner has five discovery-related motions pending: (1) Motion for court to take judicial notice of order from the Sixth Circuit in case number 20-3106 (ECF No. 9); (2) Request for production of documents pursuant to rule 34 Fed. Civ. P. (ECF No. 10); (3) Request for interrogatories pursuant to Rule 33 Fed. Civ. P. and production of documents pursuant to Rule 34 Fed. Civ. P. (ECF No. 11); (4)  Request for admissions (ECF No. 12); and (5) Motion for court to take judicial notice (ECF No. 14).

"Rule 6 of the Rules Governing § 2254 Cases provides that '[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.'" *Davis v. Gross*, No. 18-5406, 2018 WL 8138536, at *2 (6th Cir. Sept. 10, 2018) (quoting Rule 6 of the Rules Governing § 2254 Cases).  "Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that [she] is ... entitled to relief.'" *Id*. (quoting *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (ellipsis in original).  "The burden of demonstrating the materiality of information requested is on the moving party." *Id*. (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

Applying Rule 6 to this case, the Court finds that there is no good cause to permit Petitioner to conduct discovery.  As explained above, each of Petitioner's grounds both in the underlying petition (ECF No. 4-1) and the proposed grounds (ECF No. 5, 6) are either lacking in merit or are precluded from federal habeas relief.  Discovery would not enable Petitioner to show

24

(1:19CV2907)

he is entitled to relief.  Indeed, Petitioner's discovery requests, particularly the Request for

production of documents pursuant to rule 34 Fed. Civ. P. (ECF No. 10), Request for

interrogatories pursuant to Rule 33 Fed. Civ. P. and production of documents pursuant to Rule 34

Fed. Civ. P. (ECF No. 11), and Request for admissions (ECF No. 12) are tantamount to

overbroad, vague requests that would not enable Petitioner to show that the trial court made

decisions contrary to or involved an unreasonable application of, federal law, as AEDPA

requires.  Petitioner requested the following documents:

1.  Trial transcript of weapons while under disability offense on count 3;
2.  Transcript of state's opening argument, closing argument, presentation of evidence for the trial of weapons while under disability offense on count 3;
3.  Transcript of any opening or closing argument by defense for bench trial for count 3 weapons while under disability offense;
4.  All documents relating to the bench trial proceeding on count 3 weapons while under disability;
5.  The judgement entry showing trial for count 3; and
6.  Certified copy of verdict forms.

ECF No. 10 at PageID #: 112.  Petitioner's interrogatories state:

1.  State the procedures for holding bench trials;
2.  State the duties of the prosecutor during bench trials. If those duties are set forth in any job description or any other document, please produce the document(s);
3.  State the duties of the trial judge when holding bench trials. If those duties are set forth in any job description or other document, please produce the document(s);
4.  State the procedures for the trial judge in handling, filing, and entering verdict forms after they have been returned by the jury. If those duties are set forth in any job description or other documents, please produce the document(s);
5.  State the rights of a defendant during bench trials;
6.  State the role of defense counsel during bench trials.

ECF No. 11 at PageID #: 116.  Petitioner requests the following admissions:

1.  The judge triad [sic] count 3 weapons while under disability while trying other offenses;
2.  Bench trial was held simultaneously to jury trial in case no. 410-924
3.  The judge found evidence of guilt while trying other offenses.
4.  The state did not present opening or closing arguments during bench trial for count

(1:19CV2907)

5. The state did not present any specific evidence of guilt on count 3 weapons while under disability count 3.
6. The judge did not ask or offer the defense to present any opening or closing arguments during any trial proceedings for weapons while under disability offense on count 3.
7. The judge mistakenly found accused guilty on non-existent count 4 during guilt phase as shown in transcript pages 788-789.
8. The judge did not make a specific finding of guilt on count 3 during guilt phase of proceedings as Shown [sic] in transcript pages 788-789.
9. The prosecution or defense did not directly participate in any trial proceedings for the weapons while under disability offense on count 3.

ECF No. 12 at PageID #: 120 – 121. Petitioner asked the Court to take judicial notice of the

following facts:

1. The petitioner is under institutional quarantine and only has access to law library and material once a week;
2. The respondent David Gray, mailroom staff D. Winland, and Sgt. Henry is and has been withholding all court documents and filings sent by the United States District Court, Northern District of Ohio, Eastern division;
3. The petitioner has no way of knowing when or how anything in the court is being filed as the mail room staff and respondent are withholding and likely destroying all filings and document that are sent by the District Court Clerk;
4. Petitioner plans to assemble and file an injunction for the court to order the mailroom staff to stop withholding mail and filings that are being sent by this court.

ECF No. 14 at PageID #: 132. In reviewing the discovery requests, the Court finds that the

requests themselves are too vague or would not allow Petitioner to demonstrate an entitlement to

relief. Each of the document requests (ECF No. 10) pertain to trial documents and the Court has

already established that Petitioner's grounds related to his trial are not well-taken. Similarly, the

interrogatories (ECF No. 11) also relate to trial proceedings and are vague. The requests for

admissions (ECF No. 12) essentially request that Respondent admit to Petitioner's grounds and

improperly entitle him to relief. Petitioner's second motion for judicial notice (ECF No. 14)

raises a series of facts unrelated to the petition, and was filed nearly two years after the corrected

successive petition (ECF No. 4-1). The Court is not able to accede to those requests for notice

and find their relevance questionable. In an earlier request for judicial notice (ECF No. 9),

26

(1:19CV2907)

Petitioner requested that the Court take judicial notice of a Sixth Circuit Appeal Order that authorized Petitioner to file a second or successive habeas petition.  The Court is aware of the Appeal Order because it is filed on the docket, and the Court cites the corrected second successive petition contained therein.  ECF No. 4.  Judicial notice is unnecessary.

Even if the Court were to grant the requests, they would not entitle Petitioner the relief he seeks, so they are properly denied.  *Cornwell v. Bradshaw*, 559 F.3d 398, 410 (6th Cir. 2009) (italics in original) (denying habeas petitioner's discovery requests "because the facts, if fully developed, would not have led the district court to believe that federal *habeas* relief was appropriate").  In summary, Petitioner's discovery motions are not well taken because they are vague, irrelevant, and/or would otherwise fail to enable Petitioner to be granted habeas relief if they were granted.  Petitioner's discovery motions (ECF Nos. 9, 10, 11, 12, 14) are all denied.

### IV.  Certificate of Appealability

The Court must now determine whether to grant a Certificate of Appealability ("COA") for Petitioner's ground for relief.  Habeas courts are guided in their consideration of whether to grant a COA by 28 U.S.C. § 2253, which provides in relevant part:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . .
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

28 U.S.C. § 2253.

After taking the above standard into consideration, the Court finds as follows:

(1:19CV2907)

The Court will not issue a COA for any of Petitioner's original three grounds ((ECF No. 4-1), or any of the proposed Amended Grounds (ECF Nos. 5, 6).  No jurist of reason would debate the Court's conclusions.

### V.  Conclusion

For the reasons above, the habeas petition (ECF No. 4-1) is denied, and each of the pending motions (ECF Nos. 5, 6, 9, 10, 11, 12, 14) are denied.  A separate Judgment Entry will issue.

IT IS SO ORDERED.

August 12, 2022
Date

/s/ Benita Y. Pearson
Benita Y. Pearson
United States District Judge

28