PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MAURICE FREEMAN, ) | |
| ) | CASE NO. 1:19CV2907 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| WARDEN DAVID GRAY, ) | |
| ) | **ORDER** |
| Respondent. ) | [Resolving ECF No. 28] |

Pending is *pro se* Petitioner Maurice Freeman's[1] Motion to Amend or Alter Judgment dismissing his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1). *See* ECF No. 28. Respondent submitted a response in opposition. *See* ECF No. 29. Petitioner filed a reply to Respondent's response in opposition. *See* ECF No. 32. For the reasons stated herein, having reviewed the parties' filings, exhibits, and the applicable law, the Court denies Petitioner's Motion to Amend or Alter Judgment dismissing his Petition for a Writ of Habeas Corpus.

Rule 59(e) permits a district court to alter, amend, or vacate a prior judgment when there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Am. Civil Liberties Union v. McCreary Cty.*, 607 F.3d 439, 450 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). "Rule 59(e) allows for reconsideration; it does not permit parties to

---

[1] According to the Ohio Department of Rehabilitation & Correction Offender Search website (https://appgateway.drc.ohio.gov/OffenderSearch/ (last visited February 1, 2023)), Maurice Freeman is currently located at Belmont Correctional Institution and is set to be released on July 12, 2061.

(1:19CV2907)

effectively 're-argue a case.'" Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008) (quoting Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)). "[M]otions to reconsider are extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged." McConocha v. Blue Cross and Blue Shield Mut. of Ohio, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (citation omitted). The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court. Huff v. Metro. Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982).

While a Rule 59(e) motion is a tool at the Court's disposal, it is rarely granted, and rightfully so. See Watkins v. Columbus City Sch., No. 2:19-CV-394, 2020 WL 1914808 (S.D. Ohio Apr. 20, 2020). The Court takes great care in issuing its rulings and will act when necessary to remedy a *clear* error. In reviewing Petitioner's Motion, the Court does not find any evidence to necessitate such a measure be taken. Petitioner alleges, as he did in his habeas petition (ECF No. 1), that he was neither properly tried nor sentenced on the possession of a weapon under disability charge. See ECF No. 28 at PageID #: 2000. Furthermore, Petitioner requests that the Court hold an evidentiary hearing regarding the purported lack of a sufficient refutation of Petitioner's claim regarding the aforementioned charge. See ECF No. 28 at PageID #: 2003.

As Respondent correctly notes, the state trial court record provides irrefutable evidence that Petitioner was properly charged, found guilty, and sentenced for possessing a weapon while under a disability. See ECF No. 20 at PageID #: 180 ("With respect to Count 4 [referring to the weapon while under disability charge], that case was tried to [Judge Nancy R. McDonnell], having the weapon under disability count, and I, in fact, find the defendant guilty of that charge. He will be sentenced on that case as well."); see also ECF No. 29 at PageID #: 2021-22.

(1:19CV2907)

Regarding the request for an evidentiary hearing, "[g]enerally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition 'alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.'" Stanford v. Parker, 266 F.3d 442, 459 (6th Cir. 2001) (quoting Wilson v. Kemna, 12 F.3d 145, 146 (8th Cir.1994)).  Given the thorough record made available, the Court finds the facts to be indisputable and, thus, finds no reason to hold an evidentiary hearing.

Petitioner's indictment charged him with three counts: (1) aggravated murder, R.C. 2903.01(A), with two firearm specifications (murder with prior calculation and design); (2) aggravated robbery, R.C. 2911.01, with two firearm specifications; and (3) having a weapon while under disability, R.C. 2923.13.  ECF No. 20-2 at PageID #: 258 – 262, 689.  Petitioner notes that Judge McDonnell explicitly stated that she found Petitioner guilty of a nonexistent Count 4 rather than Count 3, and thus he "is innocent of being found guilty of the having a weapon under disability Count 3 charge.  See ECF No. 32 at PageID #: 2063.  The Court rejects this assertion.  The transcript of the state court proceedings provides overwhelming context to support the ruling that Petitioner was found guilty of Count 3, the charge of having a weapon under a disability, and that Judge McDonnell's words amount to an inconsequential slip of the tongue rather than an error that prejudiced Petitioner.[2]

Petitioner has failed to meaningfully argue that any of the Rule 59(e) elements are at play in the instant matter.  See Am. Civil Liberties Union v.McCreary Cty., 607 F.3d 439, 450 (6th

---

[2] While Judge McDonnell stated incorrectly "[w]ith respect to *Count 4*," she went on, in the same statement, to correctly describe the charge as one that was "tried to myself," *i.e.* a bench trial; and also described the charge as a "having the weapon under disability count."  See ECF No. 5-5 at PageID #: 81 (emphasis added).  There can be no reasonable dispute that Judge McDonnell meant the weapon under a disability charge made against Petitioner at Count 3.

3

(1:19CV2907)

Cir. 2010). Petitioner's Motion relies on unfounded assertions that he was not properly tried and sentenced for his possession of a weapon while under disability charge and, thereby, attempts to re-litigate arguments that have been previously heard and ruled upon. *See* ECF Nos. 28, 32. Petitioner was required to highlight an error, indicate that the error "is clear or obvious under current law, and that the error affects a substantial right…[and] affected the outcome of the district court proceedings." *United States v. Coleman*, 627 F.3d 205, 211 (6th Cir. 2010). In the Court's review of the record, it concludes that Petitioner did not make a single showing of an error of law necessitating relief.

By asserting a need to prevent manifest injustice, "the Sixth Circuit has held that the interests of justice warrant equitable tolling when a petitioner pleads that he is actually innocent of his crimes and supports his allegations of actual innocence with 'new reliable evidence.'" *Hasan v. United States*, No. 219CV00100JRGCRW, 2023 WL 116707 (E.D. Tenn. Jan. 5, 2023). Petitioner did not introduce any newly discovered evidence and, instead, as Respondent notes, resorted to "rehashing the arguments he has already asserted in this litigation." ECF No. 29 at PageID #: 2019. Finally, Petitioner cites to numerous case law in support of his Motion (ECF No. 28), none of which, however, introduced an intervening change in controlling law.

Accordingly, Petitioner's Motion to Amend or Alter Judgment dismissing his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 28) is denied.

IT IS SO ORDERED.

| | |
|---|---|
| February 2, 2023 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson<br>United States District Judge |